# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAC D. BURT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | ) Case No.:  24-cv-2435-BEN<br>)<br>) **ORDER GRANTING MOTION TO**<br>) **DISMISS WITHOUT PREJUDICE**<br>) **WITH LEAVE TO AMEND**<br>)<br>)    **[ECF No. 15, 16]**<br>) |

## I.    INTRODUCTION

Plaintiff ARAC D. BURT ("Plaintiff"), proceeding pro se, brings this action against Defendant San Diego Department of Veterans Affairs ("Defendant").  Plaintiff's First Amended Complaint ("FAC") alleges claims under numerous federal statutes and procedural rules.[1]

---

[1] Plaintiff brings claims under the Federal Tort Claims Act of 1946, 28 U.S.C. §§ 2671-2680; 42 U.S.C. § 1985; 42 U.S.C. § 1983; 5 U.S.C. §§ 2302(b)(8)-(9); the Federal Information Security Modernization Act ("FISMA"), 44 U.S.C. § 3551 et seq.; 18 U.S.C. §§ 241, 242; 18 U.S.C. § 1512; Federal Rule of Civil Procedure 37; and Fed. R. Civ. P. 65.

-1-

Defendant moves to dismiss the FAC pursuant to Fed. R. Civ. P. Rule 8, 12(b)(1), 12(b)(5), and 12(b)(6).  (ECF No. 15).  Plaintiff moves for leave to amend.  (ECF No. 16).  For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, without prejudice and **GRANTS** Plaintiff's motion for leave to amend.

## II.    BACKGROUND

### A.    Statement of Facts[2]

This matter arises from Plaintiff's employment at the VA San Diego Healthcare System, a U.S. Department of Veterans Affairs facility in San Diego, California.  In January 2024, Plaintiff received a message from his supervisor that asked, in part, "is your brain fried."  Plaintiff alleges that his supervisor knew Plaintiff had a mental health condition and a traumatic brain injury.  Plaintiff claims that this message caused him emotional and mental harm, caused him to experience panic attacks, and triggered a "mental health anxiety crisis, duress and distress stress" that necessitated emergency medical treatment.  Plaintiff asserts that he is "exempt from the exhaust all remedies requirement" applicable to certain claims due to his alleged mental disability. He seeks monetary damages, injunctive relief to prevent further alleged violations, and appointment of counsel based on his alleged mental disability.

Defendant moves to dismiss the FAC on multiple grounds.  First, Defendant argues the FAC does not provide a "short and plain statement" of Plaintiff's claims as required by Fed. R. Civ. P. Rule 8(a).  Second, Defendant contends the Court lacks subject matter jurisdiction over Plaintiff's claims under Rule 12(b)(1).  Third, Defendant asserts that service of process was insufficient under Rule 12(b)(5) because

---

[2] When deciding a motion to dismiss, a court generally accepts as true all well-pleaded factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Here, the Court is not making findings of fact, but instead summarizing some of the allegations in the First Amended Complaint.

24-cv-2435-BEN

service did not comply with Fed. R. Civ. P. Rule 4.  Fourth, Defendant argues the FAC does not state a claim upon which relief can be granted under Rule 12(b)(6).  Defendant further argues that Plaintiff is not exempt from the FTCA's requirement to exhaust administrative remedies before filing suit, and that amendment would be futile because the deficiencies in Plaintiff's claims cannot be cured.

## III.  LEGAL STANDARD

### A.    Rule 8

Federal Rules of Civil Procedure Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Additionally, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

A "dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (internal citations omitted)).

### B.    Rule 12(b)(5)

Federal Rules of Civil Procedure 12(b)(5) permits a defendant to file a motion to dismiss based on "insufficient service of process."  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  If service of process is found insufficient under Rule 4, "[t]he choice between dismissal and quashing service of process is in the district court's discretion." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (quoting *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

///

**C.    Rule 4**

"A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

To serve a federal agency, a plaintiff must comply with Rule 4(i)(1), which requires service in three ways:

(A) by deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or [by] send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) by send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) [if the agency is a corporation,] by delivering a copy of each as prescribed by Rule 4(h), or by sending a copy of each by registered or certified mail to the chief executive officer of the agency.

Fed. R. Civ. P. 4.

**D.    Rule 15**

When a motion to dismiss is granted, the court must decide whether to grant leave

-4-

to amend.  Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."  *Id*.  This policy is applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## IV.   <u>DISCUSSION</u>

### A.   Service of Process

The Court cannot take Plaintiff's inability to timely effectuate proper service of process lightly.  In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  A court "is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule 4]."  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted).

*Pro se* litigants, such as Plaintiff, are subject to the same rules of procedure as all other litigants, and thus a plaintiff's *pro se* status does not excuse him from compliance with Rule 4.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds) (citation omitted).

Here, Plaintiff did not satisfy Rule 4(i)(1)'s requirements for serving a federal agency.  The record reflects that Plaintiff did not serve a copy of the summons and FAC on the United States Attorney for the Southern District of California.  Plaintiff also did not serve the Attorney General of the United States in Washington, D.C.  Additionally, no summons was issued for the FAC.

Without a summons, and without service on all three required parties as specified in Rule 4(i)(1), service was not properly affected.  Because Plaintiff bears the burden of establishing valid service and has not done so, the Court lacks personal jurisdiction over Defendant.  *Brockmeyer*, 383 F.3d at 801.  Moreover, Defendants did not waive service under Rule 4(d)(1).  Defendant timely raised this defense in its Motion to Dismiss filed on July 14, 2025, thereby preserving the issue under Rule 12(h)(1).

24-cv-2435-BEN

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss pursuant to Rule 12(b)(5) for insufficient service of process.

### B.    The FAC Does Not Satisfy Rule 8

Alternatively, the FAC does not provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The FAC's extensive length is accompanied by organizational deficiencies that obscure rather than clarify Plaintiff's claims.  It is difficult to discern which factual allegations correspond to which legal claims.[3]

Here, the FAC intermingles factual allegations, legal conclusions, procedural arguments, and evidentiary detail without clear delineation.  The FAC identifies multiple potential theories of liability, however, the FAC does not clearly delineate which factual allegations correspond to each claim.  For example, Plaintiff alleges that between February and December 2024, he made repeated complaints to management about various issues.  Yet, the complaint does not specify what complaints were made, when each complaint was made, to whom each complaint was made, what response, if any, was received, or which of these complaints relates to which legal claim.

Similarly, Plaintiff alleges that because Defendant's did not investigate his concerns, it forced him to bypass administrative adjudication due to imminent harm.  This allegation appears to be a legal argument about exhaustion of administrative remedies rather than a factual allegation, and it is unclear which claim it is intended to support.

The Defendant cannot reasonably be expected to admit or deny allegations or assert affirmative defenses when the complaint does not clarify which allegations relate to which claims or what legal theory underlies each claim.[4]

---

[3] In *Hearns*, the court held Rule 8 is satisfied when a complaint is "logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefore."  530 F.3d at 1132.
[4] *See id*. at 1130.

-6-

24-cv-2435-BEN

The FAC does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, the Court **GRANTS** Defendant's motion to dismiss pursuant to Rule 8, without prejudice and with leave to amend.

### C. The Court Does Not Reach Defendant's Remaining Arguments

The Court does not reach Defendant's additional arguments for dismissal under Rules 12(b)(1) and 12(b)(6). Without proper service establishing personal jurisdiction, and until Plaintiff satisfies Rule 8's basic pleading requirements, the Court cannot meaningfully assess whether it has subject matter jurisdiction over Plaintiff's claims or whether Plaintiff has stated claims upon which relief can be granted.

## V. CONCLUSION

Accordingly, the Court:

1. **GRANTS** Defendant's Motion to Dismiss, without prejudice and **GRANTS** Plaintiff's Motion for Leave to Amend.

2. **ORDERS** any amendment to the Complaint filed by Plaintiff to be filed and served on the named Defendants within 60 days of the execution of this Order.

**IT IS SO ORDERED.**

DATED:    March 27, 2026

**HON. ROGER T. BENITEZ**

United States District Judge

-7-

24-cv-2435-BEN